UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - )   Index No. 2:22-cv-04040

LONG ISLAND ANESTHESIOLOGISTS PLLC,                        )
                                                            )   Hon. Hector Gonzalez
                                            Plaintiff,      )
                             vs                             )
                                                            )   STIPULATED
UNITEDHEALTHCARE INSURANCE COMPANY OF NEW YORK )   PROTECTIVE ORDER
INC., as Program Administrator, THE EMPIRE PLAN            )
MEDICAL/SURGICAL PROGRAM and MULTIPLAN INC.,              )
                                            Defendants.    )
                                                            )
                                                            )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - )

## STIPULATED PROTECTIVE ORDER

During the course of this litigation, the parties anticipate that it will be necessary to exchange materials containing confidential, private, and/or proprietary information. To facilitate the exchange of such information, the Parties, by and through their undersigned counsel, hereby stipulate to, and ask this Court to enter, the following protective order.

## DEFINITIONS

1.      As used in the Protective Order, the terms listed below are defined as follows:

A.      "**Action**" refers to the above-captioned action: *Long Island Anesthesiologists PLLC v. UnitedHealthcare Insurance Company of New York Inc., et al.,* No. 2:22-cv-04040 (E.D.N.Y.).

B.      "**Confidential Discovery Material**" are Discovery Material designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential Health Information" pursuant to the terms of this Protective Order.

C.      "**Confidential**" documents are documents designated under paragraph 4.A.

D. **"Highly Confidential – Attorneys' Eyes Only"** documents are documents that are either (i) designated under paragraph 4.B.

E. **"Confidential Health Information"** documents are documents designated under paragraph 4.C.

F. **"Documents"** (whether capitalized or not) are all materials within the scope of Federal Rule of Civil Procedure 34.

G. **"Outside Attorneys"** means outside counsel of record for any Party.

H. **"Outside Vendors"** means messenger, copy, coding, and other clerical-services vendors not employed by a Party or its Outside Attorneys.

I. **"Written Assurance"** means an executed document in the form attached as Exhibit A.

## SCOPE

2. This Protective Order applies to all information, documents, and things exchanged in or subject to discovery that are produced or otherwise provided in the Action, either by a Party or non-party (each a "Producing Person"), to any other Party or non-party, in response to or in connection with any discovery requests, including, but not limited to, deposition testimony (whether based on oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admissions, document requests, documents, information, and other things produced, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof ("Discovery Material").

3. No action taken in accordance with the Protective Order will be construed as a waiver of any claim or defense in the Action or of any position as to discoverability or admissibility of evidence.

## DESIGNATIONS

4.      A Producing Person may designate a document "Confidential," "Highly Confidential – Attorneys' Eyes Only," and/or "Confidential Health Information" to protect information within the scope of Federal Rule of Civil Procedure 26(c) (the "Designating Party"), in accordance with the following provisions:

A.      "Confidential" will mean sensitive, confidential, proprietary information, or non-public personal information (*e.g.*, social security numbers) that has not been made public by the Designating Party and that the Designating Party reasonably and in good faith believes contains or comprises (i) material that is confidential pursuant to applicable law, including trade secrets, and any other materials that the Designating Party believes in good faith to be entitled to protection under Fed. R. Civ. P. 26(c)(1)(G), (ii) proprietary or otherwise sensitive non-public business information, or (iii) information implicating an individual's legitimate expectation of privacy, such as personal financial information, personal identifying information of the type described in Fed. R. Civ. P. 5.2, or other personally or competitively sensitive information. The Producing Person will, when producing materials not previously produced in another litigation and when filing material with the Court in this Litigation pursuant to Paragraph 14, make a good faith assessment of whether the passage of time has eliminated the need to mark the material as "Confidential."

B.      "Highly Confidential – Attorneys' Eyes Only" will mean Confidential Discovery Material that the Designating Party reasonably and in good faith believes is so highly sensitive and is of such a nature that disclosure to persons other than those listed in paragraph 11 would create a substantial risk of economic injury that could not be avoided by less restrictive means. The Producing Person will, when producing materials not previously produced in another litigation and when filing material with the Court in this Litigation pursuant to Paragraph 14, make

a good faith assessment of whether the passage of time has eliminated the need to mark the material as "Highly Confidential – Attorneys' Eyes Only."

C.    "Confidential Health Information" will mean information that is of a protected nature under state and federal law and where such protection is necessary to protect the privacy of the patient/insured/member, including, but not limited to, patient/insured/member medical records, patient/insured/member claims information, and other information that the Parties have determined might contain sensitive personal health information. Confidential Health Information is intended to encompass any patient health information protected by state or federal law, including, but not limited to, "Protected Health Information" as defined below.

i.    "Protected Health Information," as used herein, has the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, health information, including demographic information, relating to: the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. It also includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefit forms, checks, notices, and requests, and includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from Protected Health Information, regardless of form or format. Protected Health Information also includes information that contains the following identifiers of a patient/insured/member or of a relative, employer, or household member of a

patient/insured/member, to the extent it is linked to Protected Health Information as defined in ==45 C.F.R. § 160.103:==

1)      Names;

2)      All geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

3)      All elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

4)      Telephone numbers;

5)      Fax numbers;

6)      Electronic mail addresses;

7)      Social security numbers;

8)      Medical record numbers;

9)      Health plan beneficiary numbers;

10)      Account numbers;

11)      Certificate/license numbers;

12)      Vehicle identifiers and serial numbers, including license plate numbers;

13)      Device identifiers and serial numbers;

14)      Web universal resource locators ("URLs");

15)      Internet protocol ("IP") address numbers;

16)      Biometric identifiers, including finger and voice prints;

17)      Full face photographic images and any comparable images;

18)      Any other unique identifying number, characteristic, or code;

and

19) Any other identification that the producing person knows could be used alone or in combination with other information to identify an individual who is the subject of the information.

ii. Confidential Health Information does not include any document or information in which the Producing Person has redacted the identifiers listed above and does not have actual knowledge that the information could be used alone or in combination with other information to identify an individual who is the subject of the information. The Producing Person may, but is not required to, perform such redactions before producing documents that originally contained Confidential Health Information.

iii. The Parties also seek to ensure that any person who receives and stores Confidential Health Information in connection with this Action will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information, and to prevent unpermitted use of disclosure of any Confidential Health Information they may receive from any person in connection with this Action. At a minimum, all Parties and persons or entities who might receive Confidential Health Information agree that they will (1) comply with the Privacy and Security Rules, as defined in paragraph 5 below; (2) establish contractual controls that require any vendors, experts, or third parties that might receive Confidential Health Information to comply with the Privacy and Security Rules; and (3) undertake due diligence to verify that the privacy and security protections of any such vendors, experts, or third parties comply with the Privacy and Security Rules. Confidential Health Information will be securely returned or destroyed under the provisions of paragraph 22 below.

D.  As for electronic or hard copy documents designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential Health Information," each will be clearly marked or stamped as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential Health Information," as applicable, using means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp, where practicable, and will not interfere with legibility or audibility. But electronically stored information ("ESI") produced in native format need not be produced using a means sufficient to ensure that every page of such document contains the appropriate mark or stamp so long as (i) a TIFF placeholder image corresponding to the ESI produced in native format is produced that includes the "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential Health Information," mark; (ii) "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential Health Information," appears in the file name of the natively-produced ESI; or (iii) "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential Health Information," appears on the label of the media or in the transmittal email containing natively-produced ESI.

5.  This Protective Order authorizes the disclosure of information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended, including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively "HIPAA Rules"), including, specifically, 42 C.F.R. Part 2 and 45 C.F.R. §§ 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules"). This Protective Order constitutes a Qualified Protective Order, as that term is defined in the Privacy and Security Rules.

6.     Third parties whose documents are produced in the course of this Action may also designate documents as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential Health Information" subject to the same protections and constraints as the Parties to this Action. A copy of the Protective Order and the Eastern District of New York's instructions for filing documents under seal, *see* Individual Practices, J. Gonzales, III.B, will be served along with any subpoena served in connection with the Action.

## LIMITATIONS ON USE OF CONFIDENTIAL DISCOVERY MATERIAL

7.     All Confidential Discovery Material produced in this Action may be used solely for purposes of this Action.

8.     Any person subject to this Protective Order who receives Confidential Discovery Material pursuant to the terms of this Protective Order may not disclose such Confidential Discovery Material to anyone else except as expressly permitted  by this Order.

9.     Nothing in this Order precludes (A) a Party from using its own documents or information; or (B) any Party from using documents or information that are public or that are obtained from a source other than a Producing Party.

## ACCESS TO CONFIDENTIAL DISCOVERY MATERIAL

10.     Access to Confidential documents will be limited to:

A.     The Court and its staff;

B.     In-house counsel, representatives and current employees of the Parties responsible for overseeing and assisting with the Action to whom disclosure is reasonably necessary, and Outside Attorneys, their law firms, and their Outside Vendors;

C.     Persons shown on the face or metadata of the document to have authored or received it, or from whose files the document was produced;

D.   Any current employee or director of the Producing Person, or any witness designated to testify as a Rule 30(b)(6) witness on behalf of the Producing Person;

E.   During a deposition or court proceeding, any fact witness who is a former employee or former agent of a Producing Person, and who was employed by or an agent of the Producing Person at the time the Discovery Material was created, provided that (1) it is shown through testimony or other evidentiary proof that the witness prepared, received or reviewed the information or otherwise to have personal knowledge regarding its contents; or (2) (a) the counsel who discloses the information to the witness determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of this Action and (b) the witness has executed the "Written Assurance" in the form attached as Exhibit A. Should any Party notify a Producing Person that the Party anticipates requiring a former employee or former agent to execute a "Written Assurance" before or during a deposition or court proceeding, the Producing Person will, without waiving any rights, make a good faith effort to ensure that the former employee or former agent execute the "Written Assurance" so as to minimize the need for Court intervention;

F.   Court reporters, stenographers, or videographers who record deposition or other testimony in connection with this Action;

G.   Outside industry advisors, outside financial advisors, outside accounting advisors, outside experts, and outside consultants (and their respective staff) that are specifically retained by the signatories to this Protective Order as consultants or experts in this Action, and who have signed a "Written Assurance" in the form provided as Exhibit A;

H.   Any persons to whom the Parties, the Producing Person, and the Designating Party all agree in writing and who have executed the "Written Assurance" in the form attached as Exhibit A; and

I.    Discovery masters, special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes, and their necessary personnel.

11.    Access to Highly Confidential – Attorneys' Eyes Only documents will be limited to:

A.    The Court and its staff;

B.    Outside Attorneys, their law firms, and their Outside Vendors;

C.    Persons shown on the face or metadata of the document to have authored or received it, or from whose files the document was produced;

D.    Court reporters, stenographers, or videographers who record deposition or other testimony in connection with this Action retained to transcribe testimony;

E.    Any current employee or director of the Producing Person, or any witness designated to testify as a Rule 30(b)(6) witness on behalf of the Producing Person;

F.    During a deposition or court proceeding, any fact witness who is a former employee or former agent of a Producing Person, and who was employed by or an agent of the Producing Person at the time the Discovery Material was created, provided that (1) the witness is shown through testimony or other evidentiary proof to have prepared, received or reviewed the Highly Confidential Information or otherwise to have personal knowledge regarding its contents, and (2) the witness has executed the "Written Assurance" in the form attached as Exhibit A.

Should any Party notify a Producing Person that the Party anticipates requiring a former employee or former agent to execute a "Written Assurance" before or during a deposition or court proceeding, the Producing Person will, without waiving any rights, make a good faith effort to

ensure that the former employee or former agent execute the "Written Assurance" so as to minimize the need for Court intervention;

G.      Outside industry advisors, outside financial advisors, outside accounting advisors, outside experts, and outside consultants (and their respective staff) that are specifically retained by the signatories to this Protective Order as consultants or experts in this Action, and who have signed a "Written Assurance" in the form provided as Exhibit A;

H.      Any persons to whom the Parties, the Producing Person, and the Designating Party all agree in writing and who have executed the "Written Assurance" in the form attached as Exhibit A;

I.      Discovery masters, special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other dispute, and their necessary personnel; and

J.      In-house counsel from each set of Defendants (UnitedHealthcare Insurance Company of New York Inc. and MultiPlan Inc.) assisting in the prosecution or defense of this Action.

vi.      In the event of any change in the role and responsibilities of a party's designated in-house counsel as of the date of the designated in-house counsel's declaration that would materially alter that declaration, the affected party will (a) suspend all access to information designated as "Highly Confidential – Attorneys' Eyes Only", and (b) within five business days, notify all other parties of the changed circumstances, and either cause the designated in-house counsel to execute a new declaration or propose a substitute in-house counsel consistent with the terms of this Order. For the purposes of this Order, a change in the in-house counsel's role will be deemed material if it alters paragraph 5 of the in-house counsel's declaration. The parties will

engage in good faith discussions to resolve any situation set forth in this paragraph, but may present any disagreements to the Court for resolution.

12. Access to Confidential Health Information will be limited to:

A. The Court and its staff;

B. In-house counsel, representatives and current employees of the Parties responsible for overseeing and assisting with the Action to whom disclosure is reasonably necessary, and Outside Attorneys, their law firms, and their Outside Vendors;

C. Persons shown on the face or metadata of the document to have authored or received it, or from whose files the document was produced;

D. Any witness designated to testify as a Rule 30(b)(6) witness on behalf of the Producing Person;

E. Any person to whom the patient health information pertains, provided that a such a person (1) may not be shown patient health information pertaining to anyone but that person or a minor of whom that person is the parent or guardian and (2) may not be shown anything besides patient health information if the document is designated as Confidential or Highly Confidential – Attorneys' Eyes Only unless that person is independently permitted to review such documents pursuant to paragraphs 10 or 11, respectively;

F. Court reporters, stenographers, or videographers who record deposition or other testimony in connection with this Action;

G. Outside industry advisors, outside financial advisors, outside accounting advisors, outside experts, and outside consultants (and their respective staff) that are specifically retained by the signatories to this Protective Order as consultants or experts in this Action, and who have signed a "Written Assurance" in the form provided as Exhibit A;

H. Any persons to whom the Parties, the Producing Person, and the Designating Party all agree in writing and who have executed the "Written Assurance" in the form attached as Exhibit A; and

I. Discovery masters, special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other dispute, and their necessary personnel.

13. Each person appropriately designated under paragraph 10.F. or 10.G to receive Confidential information, in paragraph 11.F or 11.G to receive Highly Confidential – Attorneys' Eyes Only documents, and in paragraph 12.G or 12.H to receive Confidential Health Information documents will execute a "Written Assurance" in the form attached as Exhibit A. Outside Attorneys who provided access to Discovery Material to persons in accordance with this paragraph will maintain a collection of each executed Exhibit A.

## USE OF CONFIDENTIAL DISCOVERY MATERIAL

14. This Protective Order does not authorize the filing of any document under seal. The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged. Any party seeking to file a document under seal will review each document to limit sealing only to the extent necessary.

A confidential document may be filed only in accordance with the Eastern District of New York's instructions for filing documents under seal, *see* Individual Practices, J. Gonzales, III.B. A Party intending to present another Party's or a non-party's Confidential Discovery Material at a hearing or trial must promptly, and no less than three days before the hearing or trial, notify all counsel of record for the Designating Party and for all other Parties so that they may seek relief from the court.

15.     All depositions or portions of depositions taken in the Action that contain confidential information may be designated by a Party or its counsel as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential Health Information" and thereby obtain the protections accorded other "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Confidential Health Information" documents. Confidentiality designations for depositions will be made either (a) orally on the record and requesting that the relevant portion(s) of testimony be so designated, or (b) by written notice to the Parties and those who were present at the deposition. Unless otherwise agreed, depositions will be treated as "Highly Confidential – Attorneys' Eyes Only" during the 30-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential, Highly Confidential – Attorneys' Eyes Only, or Confidential Health Information documents and information will be taken only in the presence of persons who are qualified to have access to such information. Nothing in this paragraph will apply to or affect the confidentiality designations on Discovery Material entered as an exhibit at depositions. Nor will anything in this paragraph preclude the witness from reviewing his or her deposition transcript.

16.     If testimony is designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential Health Information," the court reporter, who will first have agreed to abide by the terms of this paragraph, will be instructed to include on the cover page of each such transcript the legend: "This transcript portion contains information subject to a Protective Order and will be used only in accordance therewith" and each page of the transcript will include the legend "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential Health Information," as appropriate. If the deposition is videotaped, the videotape will also be subject to the same level of confidentiality as the transcript and include the legend "Confidential," "Highly

Confidential – Attorneys' Eyes Only," or "Confidential Health Information," as appropriate, if any portion of the transcript itself is so designated.

17.     If a Party or any other person or entity that has agreed to be bound by this Protective Order by executing Exhibit A (a "Subpoena Recipient") is served with a subpoena or a court order issued in other litigation or a request from a legislative or other administrative body with authority to compel disclosure requesting information or items designated in the action as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential Health Information," they must promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or order. The Subpoena Recipient will promptly notify in writing the party who caused the subpoena or order to issue in the other litigation or proceedings that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Protective Order. The Subpoena Recipient must cooperate with the Designating Party with respect to all reasonable procedures sought by the Designating Party whose material may be affected. If the Designating Party timely seeks a protective order the Party served with the subpoena will not produce any information designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential Health Information" before a determination by **a court in accordance with Federal Rule of Civil Procedure 45**, unless the Subpoena Recipient has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material. Nothing contained in this provision will be construed as authorizing or encouraging a Subpoena Recipient in this action to disobey a lawful directive from another court.

## CHANGES TO DESIGNATIONS

19.     If at any time before the trial of this Action, a Producing Person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced should be designated as Confidential, Highly Confidential – Attorneys' Eyes Only, or Confidential Health Information, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential Health Information" under the terms of this Protective Order. Notwithstanding this provision, a Party may challenge the asserted confidentiality designation as provided for herein.

20.     Any Producing Party who inadvertently fails to identify documents as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential Health Information" will provide written notice and substitute appropriately-designated documents. Any Party receiving such improperly-designated documents will retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, will return or destroy the improperly-designated documents.

21.     Any Party may request a change in the designation of any information designated "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential Health Information." Any such document will be treated as designated until the change is completed. If the requested change in designation is not agreed to by the Parties, the Producing Person, and the Designating Party, the Party seeking the change may move the Court for appropriate relief, providing notice to any Party or third party whose designation of produced documents as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential Health Information," in the Action may be affected. The Producing Party asserting that the material is

"Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential Health Information" will have the burden of proving that the information in question is within the scope of protection afforded by Federal Rule of Civil Procedure 26(c). If the motion affects a document produced by a nonparty then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a Party.

## DISPOSITION OF CONFIDENTIAL DISCOVERY MATERIAL

22.     Within 60 days of the termination of the Action, including any appeal, each Party to the Action will either destroy or return to the other Producing Persons all documents produced by the other Producing Persons that were designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential Health Information," and all copies of such documents, and will destroy all extracts and data taken from such documents. Each Party will provide a certification as to such return or destruction within the 60-day period. But attorneys will be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the Action as well as materials that contain, reflect, incorporate, attach, or reference attorney work product, so long as the terms of this Order will continue to govern any such retained materials. Additionally, with respect to ESI, the Parties need not destroy backup media so long as the Party has a data destruction policy for the backup media that will result in the overwriting or destruction of that data. Similarly, in-house counsel, external counsel, experts, or consultants retained to assist with the Action, and their respective employees or staff, will not be required to destroy "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential Health Information" material contained in their email accounts or document management systems, so long as they otherwise comply with this Order with respect to such retained material. Nothing in this

paragraph obligates any Party or Producing Person to destroy its own Confidential Information at the close of this Action or at any other time.

## PRIVILEGED AND PROTECTED MATERIALS

23.     Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of privileged or protected materials, whether inadvertent or otherwise, does not waive any applicable privilege or protection in this Action or any other proceeding. The Parties and Producing Persons intend for this paragraph to be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The parties and Producing Persons need not satisfy the requirements of Federal Rule of Evidence 502(b) to assert claims of privilege or protection over materials that are produced or disclosed in connection with this Action.

24.     A producing party may redact for relevance if the following conditions are met: (1) the document is designated "Highly Confidential – Attorneys' Eyes Only" or "Protected Health Information" under the operative Protective Order and any subsequent amendments; and (2) the redacted information is nonresponsive; and (3) the redacted information is irrelevant (e.g., information related to other clients or customers); and (4) the redacted information would not assist in understanding or providing context for the relevant/responsive portion(s) of the document or document family of which it is a part. Even if the producing party asserts that the foregoing conditions are met, the receiving party may dispute the redactions and present the dispute for judicial resolution.

25.     Regarding assertions of privilege and protection:

A.     For all responsive Documents redacted or withheld because they are alleged to contain privileged or protected information, the Parties agree to produce, in Excel format,

privilege logs associated with any given production within 60 days of that production. Without limiting requirements, the privilege logs will include the following information at a minimum:

     i.     A unique number for each entry on the log.

     ii.     The date of the Document. For emails, this should be the sent date and for other Documents this should be the last-modified date or, if not available, the creation date.

     iii.     The author of the Document. For emails, this should be populated with the Metadata extracted from the "Email From" field associated with the file. For other Documents, this should be populated with the Metadata extracted from the "Author" field; provided that, if such field contains generic information such as the company name, a Party may substitute the information contained in the "Custodian" Metadata field.

     iv.     The recipient(s) of the Document where reasonably ascertainable. For emails, this should be populated with the Metadata extracted from the "Email To" field associated with the file. Separate columns should be included for the metadata extracted from the "Email CC" and "Email BCC" fields, where populated.

     v.     A description of why privilege or protection is being asserted over the Document. This description should include information sufficient to identify if the Document contained attachments over which privilege is also being asserted.

     vi.     The type of privilege(s) and/or protection(s) being asserted, for example: (i) "AC" for Attorney/Client, (ii) "WP" for Attorney Work Product, and (iii) "CI" for Common Interest.

     B.     The Parties will identify on their logs where counsel is present in conversation, specifically for columns (A)(iii) and (iv) noted above. Where the presence of counsel forming the basis of the privilege is not readily ascertainable from columns (A)(iii) and (iv) above,

the Parties will include a reference to counsel in the privilege description field described in (A)(v) above.

C.      If a Document to be produced in Native Format requires redaction then it should be produced in redacted native format to the extent feasible. The native file should show the word "redacted" where applicable, should identify the reason for the redaction, and a production Load File field should be populated to indicate the native file contains a redaction.

D.      When a TIFF image is redacted, the TIFF image should show the word "redacted" where applicable, should identify the reason for the redaction, and a production Load File field should be populated to indicate the Document contains a redaction. All other text will be OCR'ed.

E.      If a Party claims that a member of a Document family that contains a responsive document is privileged, the particular Document within the family that is subject to the assertion will be redacted or produced as a Bates-labeled slipsheet in place of that particular Document. The slipsheet for each withheld Document will state "Family Member Withheld as Privileged" (or similar language).

F.      In the event that a Party initially withholds a Document that forms a part of a Document family, and that Document is later produced either by decision of the Party or by order of the Court, the Party will produce that Document with the Bates number previously given to the slipsheet for that document.

G.      Where feasible, the Producing Person will provide updated metadata, including metadata associating any previously withheld Document with its Document family.

26.      Any Producing Person who inadvertently produces or discloses privileged materials will, promptly upon discovery of such inadvertent production or disclosure, notify the

receiving Party/ies in writing and request that the documents be returned. When a receiving Party receives notice of such inadvertent production or disclosure it must sequester, return, or destroy the inadvertently produced or disclosed privileged materials and confirm that any persons or entities to whom it has provided such privileged materials have sequestered, returned, or destroyed the privileged materials. The privileged materials may not be used or disclosed for any purpose—including to challenge the assertion of privilege over those materials—unless and until the assertion of privilege is withdrawn or overruled. The privileged materials will be deleted or otherwise permanently removed from any systems used to house documents, including document review databases, e-rooms, and any other locations that store the privileged materials. Any extracts, notes or summaries referring or relating to any such inadvertently produced or disclosed privileged materials must likewise be returned or destroyed. Within seven days of providing notice of inadvertent production or disclosure, a Party or Producing Person claiming privilege for inadvertently produced or disclosed privileged materials must state the basis for the privilege assertion in a privilege log in the format required by paragraph 25. Nothing herein will prevent a receiving Party from challenging the propriety of a privilege assertion by submitting a challenge to the Court consistent with applicable law, although the privileged materials themselves cannot be used or disclosed as part of such a challenge. The Producing Person asserting privilege bears the burden of establishing the privileged nature of any inadvertently produced or disclosed privileged materials. If a receiving Party becomes aware that it is in receipt of information or materials that it knows or reasonably should know is privileged, protected, or immune, counsel for the receiving Party will immediately take steps to (i) stop reading such information or materials, (ii) notify counsel for the Producing Party of such information or materials, (iii) collect all copies of such information or materials, (iv) sequester, destroy, or return such information or materials to

the Producing Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

## EXPERT WITNESS DISCLOSURE

27.     Disclosure of Certain Information Regarding Expert Witnesses.

A.      No subpoenas (for depositions or documents) need be served on any Rule 26(a)(2)(B) or Rule 26(a)(2)(C) expert in this case. Instead, the Party or Parties retaining such expert will make him or her available for deposition, at a time mutually agreed to by the Parties. If an expert is required to submit a report pursuant to Rule 26(a)(2)(B), the deposition of such expert will be conducted after the report is served. If a testifying expert is not required to submit a report pursuant to Rule 26(a)(2)(C), the deposition of such expert will be conducted within 30 days of that expert's disclosure, or at another time mutually agreed by the Parties. If such an expert has already been deposed as a fact witness, he or she may be deposed again in his or her expert capacity.

B.      Within three business days of service of a report, the Party submitting such report will produce: (i) any data, facts or other information relied upon by the expert in forming the expert witness's opinions and not previously produced in this action, as well as a list identifying by bates range or other appropriate identifiers any produced data, facts, or other information relied upon by the expert in forming the expert witness's opinions; (ii) any exhibits that will be used to summarize or support the expert witness's opinions; (iii) the expert witness's qualifications, including a list of all publications authored in the previous ten years; (iv) a list of all other cases, during the previous four years, where the expert witness has testified as an expert at trial or by deposition; and (v) a statement of the compensation to be paid for the study and testimony in this case. To the extent such disclosures include charts, tables, exhibits, information or data processed

or modeled by computer at the direction of a disclosed testifying expert in the course of forming the expert's opinions, machine-readable copies of the exhibits, information, or data (including all linked data files, input and output files, formulas contained within spreadsheet cells and similar electronic information necessary to understand the charts, tables, exhibits, information, or data) sufficient to allow the replication of all analysis contained in the report, where applicable, along with appropriate computer programs and instructions necessary to access and use the data (unless such computer programs are reasonably and readily commercially available) will also be provided with such disclosures. Information gleaned from non-public sources will also be provided with such disclosures.

28.     Non-Disclosure of Certain Information Regarding Expert Witnesses.

A.     The below-listed categories of documents, recording media, and communications need not be disclosed by any Party and an expert may not be examined at deposition, hearing, or trial on the contents of the below-listed categories of documents, recording media, and communications (subject to the exceptions at the end of this Paragraph):

i.     any notes or other writings taken or prepared by or for an expert witness in connection with this matter (aside from the final written expert report(s) and notes generated while testifying), including:

1)     written correspondence or memoranda to or from, and notes of conversations between and among the expert witness and the expert's assistants and/or support staff, non-testifying consultants (including their staffs), or attorneys for the Party or Parties (including their staffs); and/or

2)     copies of materials produced by any Party in this Action bearing the notes, markings, or comments of the expert, the expert's assistants and/or support staff,

non-testifying consultants (including their staffs), or attorneys for the Party or Parties (including their staffs);

       ii.     any draft reports, draft studies, draft work papers, draft declarations, or other draft materials prepared by, for, or at the direction of an expert witness, regardless of the form in which the draft is recorded; and

       iii.    any oral or written communication between and among expert witnesses and their assistants and/or support staff, non-testifying consultants (including their staffs), or attorneys for the Party or Parties (including their staffs), regardless of the form of the communications. For avoidance of doubt, this includes oral or written communication between any of the individuals listed above, including but not limited to (a) one expert and/or their staff and assistants and (b) another expert and/or their staff and assistants.

       B.     The foregoing exclusions from disclosure set forth in subparagraphs (a)-(i-iii) do not apply to any communications, documents, data sets, or analyses upon which an expert relies as a basis for his or her ultimate opinion, including communications, documents, data sets, or analyses identified by the expert in testimony as relied upon for the basis for his or her ultimate opinion. In addition, examination will be permitted on alternative analyses, methodologies, or approaches to issues on which the expert is testifying, regardless of whether the expert considered them in forming the expert's opinion, including but not limited to analyses that the expert performed but ultimately did not rely upon.

       C.     Communications between and among experts, their staffs, and attorneys will not be discoverable unless relied upon as a basis for any expert's ultimate opinion(s). Although communications relating to compensation for the expert's work or testimony will not be required

to be produced or exchanged, the Parties may examine witnesses at deposition or trial as to the amount they charge.

28.     Except as provided under Fed. R. Civ. P. 26(b)(4)(D), no Party may take discovery of an expert who has been retained or specially employed by another Party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial, without the express written consent and authorization of the Party employing such expert.

## DUTY TO NOTIFY

29.     If any Party or Producing Person learns of a potential breach of this Agreement or of the confidentiality of any document designated as 'Confidential,' 'Highly Confidential – Attorney's Eyes Only,' or 'Confidential Health Information' under this Agreement, that Party or Producing Person will promptly inform all other Parties, Designating Parties, and Producing Persons in writing of the breach.

## MODIFICATION AND DURATION OF THIS ORDER

30.     Any Party or Producing Person may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order will be construed to prevent a Party or Producing Person from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

31.     The obligations imposed by the Protective Order will survive the termination of the Action.

## REMEDIES

32.     Failure to comply with any provision of this protective order or any other prior consistent order will subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including

without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.


Date: December 9, 2022
      Brooklyn, NY



                                      */s/ Hector Gonzalez*
                                      The Hon. Hector Gonzalez
                                      United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - )    Index No. 2:22-cv-04040

LONG ISLAND ANESTHESIOLOGISTS PLLC,                    )

                                                         )    Hon. Hector Gonzalez

                       Plaintiff,                    )

             vs                    )

                                                              )

UNITEDHEALTHCARE INSURANCE COMPANY OF NEW            )    Exhibit A
YORK INC., as Program Administrator, THE EMPIRE PLAN        )
MEDICAL/SURGICAL PROGRAM and MULTIPLAN INC.,         )
                     Defendants.                    )

                                                              )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - )

## <u>NON DISCLOSURE WRITTEN ASSURANCE</u>

I, _____, acknowledge that I have read and understand the Protective

Order in this action dated _____ and filed in the above captioned case pending in the

United States District Court for the Eastern District of New York. I agree to comply with and be

bound by the provisions of the Protective Order. I understand that any violation of the Protective

Order may subject me to sanctions by the Court.

Consistent with the terms of this Protective Order, I will not divulge any documents

designated "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential Health

Information" obtained under such Protective Order, or the contents of such documents, to any

person other than those specifically authorized by the Protective Order. I will not copy or use such

documents except for under the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this Action, I will

return to the attorney from whom I have received them any documents in my possession designated

"Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Confidential Health

Information," and all copies, excerpts, summaries, notes, and other materials containing or discussing some or all of the contents of such documents.

I submit myself to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____          _____
                        (Date)                                  (Signature)